UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHO AN, LLC, ET AL.,**<br>**Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14400**<br>**c/w 16-14733,**<br>**16-15802** |
| **CAPITAL ONE, N.A.,**<br>**Defendant** | **SECTION "E" (1)** |

*Applies to: 16-14733*

## ORDER AND REASONS

Before the Court is Plaintiff Kanetha Arun Chau's ("Chau") motion to refer Case No. 16-14733 to the bankruptcy court.[1] For the reasons that follow, the Court grants Plaintiff's motion and refers the case to the bankruptcy court.

## BACKGROUND

Chau has an ownership interest in several restaurants, namely Sake 21, LLC; Pho Ann, LLC; Pad-Thai, LLC; and Chili Thai, Inc. d/b/a Thia Chile (collectively the "company Plaintiffs"). On January 13, 2014, Chau filed an individual voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana.[2] On January 22, 2014, Chau opened a Chapter 11 Debtor-in-Possession account with Capital One (the "Debtor Account"). On August 7, 2015, suspecting fraudulent activity, Capital One placed an All Funds Hold on each of the bank accounts for which Chau had signatory authority, including the Debtor Account and the accounts

---

[1] No. 16-14400, R. Doc. 92.
[2] *In re Kanetha Arun Chau*, No. 14-10059, R. Doc. 1 (Bankr. E.D. La.).

1

owned by Chau's restaurants (the "Non-debtor Accounts").[3] Twelve days later, after conducting an investigation into the suspicious activity, Capital One lifted the All Funds Hold, issued checks for the account balances, and closed the accounts.[4] On February 4, 2016, claiming the All Funds Hold violated section 362(a)(7) of the Bankruptcy Code, Chau filed an Adversary Complaint and Request for Sanctions against Capital One.[5] Thereafter, on May 16, 2016, Chau amended her bankruptcy petition to include Pho Ann, Pad-Thai, and Chili Thai.[6] In the amended complaint, Chau and the three restaurants contend Capital One is liable to them for violations of the automatic stay provisions of the Bankruptcy Code, breach of contract, and negligence under Louisiana Civil Code articles 2315 and 2317.[7]

On August 4, 2016, the Bankruptcy Court granted Chau's motion to withdraw Pho Ann, LLC; Pad-Thai, LLC; and Chili Thai, Inc. from the bankruptcy, leaving only Chau individually as the debtor in the bankruptcy court.[8] The three restaurants filed suit against Capital One in state court on August 2, 2016, alleging breach of contract and negligence under Louisiana Civil Code articles 2315 and 2317.[9] Capital One subsequently removed the suit to this Court on September 1, 2016.[10] On August 17, 2016, the three restaurants, with the addition of Sake 21, LLC, filed suit in state court, alleging the same causes of action and seeking the same damages as the August 2, 2016 state court

---

[3] *Pho Ann, LLC, et al. v. Capital One, N.A.*, No. 16-14400, R. Docs. 58-2 at 7, 68 at 8 (E.D. La.) ("No. 16-14400").
[4] No. 16-14400, R. Doc. 58-2.
[5] No. 16-14400, R. Doc. 1-2 at 5; *In re Kanetha Arun Chau*, No. 16-14733, R. Doc. 1-4 (E.D. La.) ("No. 16-14733").
[6] *Id.*
[7] *Chau v. Capital One, N.A.*, No. 16-1006, R. Doc. 16 (Bankr. E.D. La.) ("No. 16-1006").
[8] No. 16-1006, R. Doc. 26.
[9] *Pho An, LLC, et al. v. Capital One, N.A.*, No. 2016-13199, 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.
[10] *Pho Ann, LLC, et al. v. Capital One, N.A.*, No. 16-14400 (E.D. La.).

petition.[11] Capital One removed the matter to this Court on October 24, 2016.[12]

On September 15, 2016, Capital One filed a motion to withdraw the reference to the bankruptcy court of Chau's adversary action,[13] alleging the state court petition in case number 16-14733 and the complaint in the bankruptcy action set forth the same operative facts and causes of action, except for the automatic stay violation claim.[14] Capital One also requested that the withdrawn proceeding be consolidated with case number 16-14400. On November 1, 2016, this Court granted Capital One's motion, noting that "[a]lthough the adversary proceeding contains a core bankruptcy claim, it is appropriate in this matter to withdraw the reference because of the substantial overlap of the facts and issues in the three cases."[15]

Capital One did not seek mandatory withdrawal of the reference. The Court, instead, determined whether withdrawal was permissive in this case. In its assessment, the Court considered whether the proceedings involve a jury demand and whether withdrawal would further the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtor's and creditors' resources, and expediting the bankruptcy process.[16] At that time, Capital One argued that the non-core claims for breach of contract and negligence predominated. In the interest of judicial economy and because a jury demand was available to Capital One on the non-core claims, the Court withdrew the reference, noting that "[t]he claims pending in the adversary proceeding and the pending civil actions have

---

[11] *Sake 21, LLC, et al. v. Capital One, N.A.*, No. 2016-13305, 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.
[12] *Sake 21, LLC, et al. v. Capital One, N.A.*, No. 16-15802, R. Doc. 1 (E.D. La.) ("No. 16-15802").
[13] No. 16-14733, R. Doc. 1.
[14] *In re Kanetha Arun Chau*, No. 16-14733, R. Doc. 1 (E.D. La.).
[15] No. 16-14733, R. Doc. 12.
[16] *See In re OCA*, No. 06-3811, 2006 WL 4029578, at *5 (E.D. La. 2006).

overlapping facts, and will require the use of the same witnesses and evidence."[17] Following a status conference on November 3, 2016,[18] the Court consolidated all three cases.[19]

On September 15, 2017, the Court was informed that Sake 21 LLC had settled its claims against Capital One.[20] Thereafter, on September 25, 2017, the Court remanded Chili Thai, Inc., Pad Thai, LLC, and Pho An, LLC's claims against Capital One,[21] to the 22nd Judicial District Court for the Parish of St. Tammany for lack of subject matter jurisdiction, leaving Chau's adversary complaint as the only matter before this Court.

## ANALYSIS

In her motion to refer this case back to the bankruptcy court, Chau argues that, given the case's procedural background, "the removal of this action from the United States Bankruptcy Court for the Eastern District of Louisiana to the United States District Court for the Eastern District of Louisiana is no longer necessary or required."[22] Because the only claim left in this case is her "core" bankruptcy claim, Plaintiff contends, "remand would promote uniform Bankruptcy administration, reduce confusion, be an economical use of the parties' resources, and expedite the Bankruptcy process."[23] In opposition, Capital One avers that, contrary to Chau's assertion, more than her bankruptcy claim remains in this case—specifically, the contract and Louisiana tort claims she alleged in her amended bankruptcy petition.[24] According to Capital One, those claims still

---

[17] No. 16-14733, R. Doc. 12 at 5.
[18] No. 16-14733, R. Doc. 14.
[19] *Id.*
[20] No. 16-14400, R. Doc. 88. The Court retained jurisdiction to enforce the settlement agreement if settlement is not consummated within sixty days. *Id.*
[21] The Court remanded Case Nos. 16-15802 and 16-14400, the cases in which Chili Thai, Inc., Pad Thai, LLC, and Pho An, LLC are plaintiffs. R. Docs. 104, 105.
[22] No. 16-14400, R. Doc. 92 at 5.
[23] R. Doc. 92-1.
[24] No. 16-14400, R. Doc. 100 at 3–5.

predominate in this matter, and therefore, the case should continue in district court.[25]

The Court agrees that referral is in order. Although the Seventh Amendment provides Capital One a right to a jury trial with respect to Chau's state law claims,[26] it has made no such demand.[27] "The case law is clear that a District Court is not compelled to withdraw a reference simply because a party is entitled to a jury trial."[28] More importantly, it has become clear to the Court that the bankruptcy issues predominate in this action.[29] This Court's involvement in the two state cases having ended, there is no longer a significant overlap of facts, witnesses, and evidence. Because the reasons to withdraw the reference no longer exist, the Court refers the case to bankruptcy court pursuant to 28 U.S.C. § 157.[30]

## CONCLUSION

**IT IS ORDERED** that Case No. 16-14733 be **REFERRED** to the bankruptcy court.

New Orleans, Louisiana, this 25th day of September, 2017.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[25] *Id.* at 8.
[26] *See In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 876 (E.D. La. 2011).
[27] "[E]ven if a party does have a right to a jury trial, a motion to withdraw is premature until such time as it is determined that a jury trial must be conducted." *In re OCA*, 2006 WL 4029578, at *5.
[28] *Official Comm. of Unsecured Creditors of Enron Corp. v. Lay* (*In re Enron Corp.*), 295 B.R. 21, 27 (S.D.N.Y. 2003).
[29] In fact, in her motion, Plaintiff states, "The settlement and remand of the Company Partners State Court Cases has had effect of removing the non-core issues in the Chau vs. Capital One, NA Case," R. Doc. 92-1 and that "the removal of this action from the United States Bankruptcy Court for the Eastern District of Louisiana to the United States District Court for the Eastern District of Louisiana is no longer necessary or required inasmuch as here are no longer non-core items present." R. Doc. 92. The Plaintiff apparently has abandoned her state law claims.
[30] *See In re Nat'l Gypsum Co.*, 139 B.R. 397, 415 (N.D. Tex. 1992) (citing *In re White Motor Corp.*, 42 B.R. 693, 705 (N.D. Ohio 1984)) ("Bankruptcy courts provide the expertise and efficiency intended by Congress in adjudication of core bankruptcy matters."); *In re Johns-Manville Corp.* 63 B.R. 600, 602 (S.D.N.Y. 1986) ("[W]ithdrawal is mandatory only when consideration of non-Code federal statutes is necessary for the resolution of a case or proceeding and . . . substantial and material consideration of those non-bankruptcy statutes must be involved before withdrawal will be mandatory." (internal quotations omitted)).

# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
OFFICE OF THE CLERK

WILLIAM W. BLEVINS  
CLERK

500 POYDRAS ST., ROOM C-151  
NEW ORLEANS, LA 70130

September 25, 2017

Sheila Booth, Clerk  
United States Bankruptcy Court  
Eastern District of Louisiana  
Hale Boggs Federal Building, Room B601  
500 Poydras Street  
New Orleans, Louisiana 70130

                                       Re: Civil Action No. 16-14400 c/w 16-14733  
                                             Pho An, LLC, et al  
                                               vs.  
                                           Capital One, N.A.

Dear Ms. Booth:

On 9-25-2017, the Honorable Susie Morgan, United States District Judge for this district, entered an order referring case 16-14733 to the United States Bankruptcy Court for the Eastern District of Louisiana.

The official court record for the Eastern District of Louisiana is the electronic case filing systems, CM/ECF. Please be advised you may access this databases to obtain original pleadings. Our web site is: http://ecf.laed.circ5.dcn. Please use your court's Pacer account and password to access these documents. If you have any problems, please do not hesitate to contact us.

Below is a list of manual filings, exhibits and/or sealed documents that, due to system limitations or local administrative procedures, require manual transmission:  
n/a

Please acknowledge receipt on the enclosed copy of this letter and return to us for our files.

For questions regarding this document or transmission, please call our CM/ECF Help Desk at 504-589-7788.

Pursuant to said order, we are forwarding herewith a certified copy of the docket sheet.

                                                    Very truly yours,

                                                    WILLIAM W. BLEVINS, CLERK

                                       By: _____  
                                                         Deputy Clerk

Enclosures